IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN W. DODSON, <br> 1976 West Silver Rose Place <br> Tucson, AZ 85737, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, N.W. <br> Washington, DC 20530, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

## COMPLAINT

Plaintiff John W. Dodson brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.  The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.  Plaintiff John W. Dodson is a private citizen residing in Tucson, Arizona. He is employed by the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATF"). In early 2011, he blew the whistle on the Fast and Furious program, in which BATF allowed weapons to "walk" across the border into the hands of Mexican drug cartels, directly resulting in the death of U.S. Border Patrol Agent Brian Terry and countless Mexican citizens.

4.      Defendant U.S. Department of Justice is a U.S. Government agency and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On September 24, 2012, Plaintiff sent three FOIA requests to Defendant seeking the production of agency records related to him and his whistleblower disclosures.  Specifically, Plaintiff sought copies of:

a) Any and all e-mails between (either directed to or received from) DOJ Spokeswoman/Director of Public Affairs Tracy Schmaler and Katherine Eban, between the dates of January 20, 2011 and September 24, 2012.

b) All e-mails (sent and received) by DOJ Spokeswoman/Director of Public Affairs Tracy Schmaler that contain the name John Dodson, Dodson, or make reference to any ATF whistleblower (whether directly stated or implied), between the dates of January 20, 2011 and September 24, 2012.

c) All Department of Justice communications generated between January 20, 2010 and September 24, 2012 including, but not limited to, emails, internal memos, letters, drafts, recordings and other documents, which refer to me (Special Agent John Dodson) whether by name or implication, or make reference to me as an ATF whistleblower, whether directly stated or implied. Excluded from this request are my own ATF case files, case documents, and emails from my ATF/DOJ email account.

6.      On October 3, 2012, Plaintiff provided Defendant with a Certification of Identity.

7.      By letters dated October 22, 2012 and October 23, 2012, Defendant acknowledged receipt of Plaintiff's FOIA requests and assigned them FOIA Case Numbers AG/12-01459, DAG/12-01460, ASG/12-01461, PAO/12-01462, OLA/12-01463, PAO/12-01437, and PAO/12-01435.

8.      Defendant was required to determine whether to comply with Plaintiff's requests within 20 days of receipt of his requests, excepting Saturdays, Sundays, and legal public holidays,

pursuant to 5 U.S.C. § 552(a)(6)(A).   Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determinations, the reasons therefor, and the right to appeal any adverse determinations to the head of the agency.   Excluding weekends and the intervening Veterans Day (November 12, 2012) holiday, Defendant was required to make its determination and provide Plaintiff with the requisite notifications by November 21, 2012.

9.   On August 29, 2013, Defendant informed Plaintiff that it had conducted a search in the Office of the Associate Attorney General for communications generated between January 20, 2010 and September 24, 2012 about Plaintiff.   Defendant also informed Plaintiff that it did not find any records responsive to that particular request within that particular office.   Defendant therefore informed Plaintiff that it was closing FOIA Case Number ASG/12-01461.

10.   Since October 2012, Defendant has provided Plaintiff with status updates concerning the processing of the remainder of his FOIA requests, which have been assigned FOIA Case Numbers AG/12-01459, DAG/12-01460, PAO/12-01462, OLA/12-01463, PAO/12-01437, and PAO/12-01435.

11.   However, as of the date of this Complaint, Defendant has failed to make any determinations about whether it will comply with the remainder of Plaintiff's FOIA requests, notify Plaintiff of any determinations, or notify Plaintiff of his right to appeal any adverse determinations to the head of the agency.   Nor has Defendant produced any records responsive to the remainder of his requests, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

12.   Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with

respect to the remainder of his FOIA requests, which have been assigned FOIA Case Numbers AG/12-01459, DAG/12-01460, PAO/12-01462, OLA/12-01463, PAO/12-01437, and PAO/12-01435, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

13. Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

15. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   May 28, 2014                                   Respectfully submitted,

/s/ Michael Bekesha
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*